UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　ORDER

CHRISTOPHER McNAIR,　　　　　　　　　　No. 10-CR-392-21 (CS)

        Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Christopher McNair's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 1307.)

      On September 18, 2012, Defendant was sentenced principally to 180 months' imprisonment on his convictions for racketeering, narcotics conspiracy and use of a firearm in connection with a narcotics conspiracy. (ECF No. 609.) He argues that his sentence should be reduced because narcotics conspiracy is not a "controlled substance offense" for purposes of the career offender provisions of the United States Sentencing Guidelines; his sentence was more harsh than those of similarly situated co-defendants; and his sentence was more harsh than it would have been were he sentenced today.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is

substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant first relies on *United States v. Norman*, 935 F.3d 232, 237-38 (4th Cir. 2019), for the proposition that a federal narcotics conspiracy under 21 U.S.C. § 846 is not a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2, and thus cannot support a career offender enhancement. But the Second Circuit rejected *Norman* in *United States v. Tabb*, 949 F.3d 81, 87-89 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 2793 (2021). Further, even if *Norman* were the law in the Circuit, it would not help Defendant, because no career offender enhancement was applied in his case.

Next, the co-defendants to whom Defendant compares himself are not close to similarly situated. They either cooperated or were convicted of significantly less serious conduct. Finally, Defendant is incorrect that his sentence would be any different today. He is correct that the 2018 First Step Act retroactively applied the 2010 Fair Sentencing Act, but he was sentenced in 2012, on a superseding indictment returned in 2012, and he had the benefit of the Fair Sentencing Act at his sentencing. His Sentencing Guidelines range and his mandatory minimum sentences

would be the same today,[1] and thus create no unwarranted disparity with current defendants who are similarly situated.

In short, because none of his arguments are correct, Defendant has not shown extraordinary or compelling circumstance. Even if he had, I would still have to consider the § 3553(a) factors, and they would militate against reduction of Defendant's sentence. Defendant was involved in a violent gang, dealt large quantities of crack, and participated in numerous acts of violence. A very significant sentence is necessary to reflect the seriousness of the offense; provide just punishment; promote respect for the law; provide deterrence and protect the public from further crimes. In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

The motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 1307, and to send a copy of this Order to Christopher McNair, No.64664-054, FCI Marianna. Federal Correctional Institution, P.O. Box 7007, Marianna, FL  32447.

Dated: December 27, 2022
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[1] Defendant stipulated in his plea agreement that the narcotics conspiracy involved at least 280 grams of crack, mandating at least a ten-year sentence. The mandatory minimum from the firearms charge is also unchanged.